226

Dr. Leandro López de la Rosa, haciendo negocios bajo el nombre de "Clínica Miramar", demandante y apelado, v. Manuel V. Domenech, en su carácter de Tesorero de P. R. demandado y apelante.

No. 6441.—Sometido: Junio 20, 1934. Resuelto: Julio 18, 1934.

Hon. Procurador General Benjamin Horton (Charles E. Winter en el alegato) y Emilio de Aldrey, Subprocurador, abogados del apelante; C. Iriarte y F. Fernández Cuyar, abogados del apelado.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

El Dr. Leandro López de la Rosa solicita la expedición de un auto de mandamus contra Manuel V. Domenech, Tesorero de Puerto Rico, para que satisfaga los libramientos u órdenes de pago certificados por la Comisión Industrial de Puerto Rico, correspondientes a las cuentas que a dicha comisión presentó la Clínica Miramar por los años fiscales 1929–30, 1930–31 y 1931–32. Se pide que para el pago de estos libramientos se utilice cualquier balance que tenga disponible el Tesorero en el fondo de depósito para indemnizaciones a obreros, y que en caso de que no haya fondos el saldo resultante quede en turno para pagarse cuando ingresen fondos procedentes de los recibos pendientes de cobro.

En 12 de junio de 1929 la Comisión Industrial de Puerto Rico y el peticionario, en su carácter de director y propietario de la Clínica Miramar, firmaron un contrato por escrito sobre hospitalización a enfermos lesionados por accidentes del trabajo o atacados de enfermedades ocupacionales y servicios y asistencia médico quirúrgica, mediante cuyo contrato el peticionario se comprometió a atender, tratar, curar y asistir en

su clínica a todos aquellos obreros lesionados o enfermos que la Comisión Industrial enviase a la Clínica Miramar con tal fin, obligándose dicha comisión a su vez a satisfacer al peticionario cierta cantidad fija de dinero en concepto de retribución por los servicios que prestara. El contrato referido ha sido renovado anualmente y continuaba en vigor, sin haber vencido, en el momento en que se inició este procedimiento de mandamus.

Durante los años fiscales de 1929–30, 1930–31 y 1931–32, la Clínica Miramar envió a la Comisión Industrial cuentas diversas por los servicios prestados por dicha clínica a los obreros enviados por la comisión, de acuerdo con los términos del contrato. Para el cobro de estas cuentas, revisadas y aprobadas por la Comisión Industrial y ascendentes a la suma de $72,668.28, se expidieron libramientos de pago, debidamente certificados, que fueron enviados al Tesorero para que fuesen pagados y satisfechos del dinero perteneciente al fondo del estado.

Alega el demandado que no obstante estar aprobadas por la Comisión Industrial las cuentas del peticionario y no obstante haberse librado los correspondientes comprobantes u órdenes de pago por la Comisión Industrial, no pudo hacerlos efectivos por la razón de que los mismos debían ser pagados de los ingresos procedentes de cada uno de los años fiscales a que éstos corresponden y además porque no tenía suma disponible en el fondo en caja correspondiente a cada uno de esos años.

Trabada así la contienda, ésta se reduce a resolver si las deudas contraídas por la Comisión Industrial deben ser satisfechas con cargo al año económico en que las mismas se incurren o si por el contrario la ley debe ser interpretada en el sentido de que dicho fondo de depósito para indemnizaciones a obreros lo constituyen los ingresos de las cuotas, formando con éstas un solo fondo que ha de responder de las deudas en que incurra la Comisión Industrial.

La corte inferior ordenó la expedición del auto solicitado,

declarando que las órdenes de pago libradas por la Comisión Industrial a favor del peticionario apelado deben ser satisfechas de cualquier balance o cantidad que hubiere en el fondo de depósito para indemnizaciones obreras, y que en caso de que no hubiese fondos suficientes los pagos deben verificarse a medida que los ingresos lo permitan. No conforme con la sentencia dictada el demandado apeló de la misma, atribuyendo a la corte inferior el único error de haber declarado que el fondo de depósito para indemnizaciones a obreros no puede ser separado en años fiscales a los efectos del pago de las obligaciones incurridas por la Comisión Industrial, y que éstas deben ser satisfechas con cargo a los fondos generales, utilizando los ingresos por concepto de cuotas desde la creación del mismo.

En este caso no hay controversia en cuanto a los hechos. La contestación radicada por el demandado admite como ciertos los hechos alegados en la solicitud. Es decir, se admite el otorgamiento del contrato, su aprobación por las autoridades correspondientes, su renovación anual, la prestación de servicios por el peticionario durante los años fiscales 1929-30, 1930-31 y 1931-32, el valor de dichos servicios y la expedición de los libramientos de pago de acuerdo con la ley.

Arguye el Tesorero apelante que al efectuar los pagos que se le exigen, puede limitarse a utilizar únicamente los fondos que existan en el año económico correspondiente a aquél en que se incurrió la obligación por la Comisión Industrial, y que no solamente tiene esta facultad, sino que también la referida legislación exige que dicho fondo de depósito para indemnizaciones a obreros sea llevado por cuentas separadas que comprendan años fiscales, y que las deudas u obligaciones contraídas sean pagadas con los fondos del año correspondiente. Admite el apelante que tal procedimiento no aparece de una manera expresa en la ley, pero que debe llegarse a esta conclusión por medio de una interpretación detenida y juiciosa de los preceptos contenidos

en los artículos 37, 38, 39, 40, 41, 42 y 45 de la Ley No. 85 de 1928 y sus enmiendas.

Los artículos anteriormente citados no pueden, a nuestro juicio, interpretarse en el sentido de autorizar al Tesorero de Puerto Rico para dividir el fondo en varios grupos anuales, asignando a cada grupo la responsabilidad de pagar las obligaciones contraídas por la Comisión Industrial con los ingresos correspondientes al año económico en que se incurrieron dichas obligaciones. Nada dice la ley sobre el particular. Y es claro que no podemos ir tan lejos en la interpretación judicial. La Comisión Industrial contrajo una obligación con el peticionario que ha sido francamente reconocida y el único argumento que se utiliza para no pagar la suma que se le debe es que el Tesorero no puede realizar pago alguno con cargo al fondo de depósito para indemnizaciones a obreros si la cuenta o partida objeto del pago corresponde a determinado año económico y el fondo asignado a este año no tiene un balance disponible. El demandado en su contestación reconoce el derecho del peticionario a recibir las cantidades que reclama tan pronto las condiciones del fondo de indemnizaciones a obreros lo permitan. Admite dicho demandado la obligación de satisfacer las órdenes de pago expedidas por la comisión, y dice que si cobrara todos los recibos de cuotas pendientes de pago y aplicara su importe al pago de la cuenta del peticionario tendría recursos suficientes para saldar la misma, pero niega que actualmente exista balance en caja disponible para hacer frente a tales pagos.

El peticionario prestó sus servicios a la Comisión Industrial de acuerdo con lo convenido, tomando como base la ley en vigor cuando se celebró el contrato. No puede darse ahora a esta ley una interpretación restrictiva que no surge de sus disposiciones, para demorar el pago de una obligación legítimamente contraída. En la sentencia dictada por la corte inferior se ordena al demandado que satisfaga al peticionario aquellos libramientos o comprobantes de pago que pueden

230

ser cubiertos con el balance o cantidad que actualmente existe en el fondo de depósito de indemnizaciones a obreros y que a medida que dicho fondo lo permita, se satisfagan los demás comprobantes u órdenes de pago hasta dejar solventada la suma que se reclama. Como se ve la corte inferior condiciona su sentencia, ordenando el pago de la suma reclamada si existen fondos para cubrirla y si estos fondos no son suficientes, aplaza el pago de la deuda para cuando existan. La única diferencia que surge entre el peticionario y el demandado es que el primero entiende que tiene derecho a que se pague su crédito del fondo general en depósito de indemnizaciones a obreros, mientras que el segundo opina que no debe hacer uso de este fondo sino de un fondo especial correspondiente al año en que se contrajo la deuda. Como ya hemos dicho, las disposiciones de la ley no autorizan esta última interpretación.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Aldrey no intervino.