JOSÉ TORRES VÁZQUEZ, demandante y apelado, *v.* LA COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandados y apelantes.

Núm. 7728.—*Sometido:* Noviembre 8, 1938. *Resuelto:* Enero 20, 1939.

*Hon. Procurador General B. Fernández García* y *Pablo Defendini, Subprocurador General Auxiliar,* abogados de los apelantes; *M. Rivera de la Vega,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

La Corte de Distrito de San Juan expidió un mandamiento perentorio de *mandamus* contra Manuel León Parra, Francisco Paz Granela y Juan Herrero, que constituyen la Comisión Industrial de Puerto Rico, y dispuso que dichos señores, en el carácter en que fueron demandados, ordenaran el pago al Tesorero de Puerto Rico de la suma de $1,444, remanente de una compensación de $2,000 que le fué concedida a José Torres por inutilidad física.

El peticionario alegó en su escrito que allá para el mes de octubre de 1929, mientras trabajaba para su patrono J. D. Morales, sufrió un accidente del trabajo, y que por resolución de la Comisión Industrial de 18 de mayo de 1931 ésta le asignó una compensación de $2,000 a cuenta de la cual tiene recibido $556, restándole por cobrar $1,444 cuyo pago se niegan los demandados a ordenar, a pesar de que disponen de fondos suficientes para ello.

Contestaron los demandados que las órdenes de pago que dicta la Comisión en relación con indemnizaciones por accidentes del trabajo van dirigidas al Auditor y no al Tesorero, y que carecen de fondos para efectuar el pago que se reclama. Como defensas especiales alegaron que en 13 de octubre de 1937 aprobaron la siguiente resolución, que fué publicada en los periódicos:

"Se da cuenta con un libramiento del Hon. Auditor de Puerto Rico de fecha 4 de oct. 1937, llevando a los libros de su oficina y poniendo a disposición de la Comisión Industrial la suma de $100,000 con cargo a la asignación de $800,000 aprobada últimamente por la Legislatura de Puerto Rico para el pago de la deuda de compensaciones a obreros desde sept. de 1925 a junio 30, 1935. De acuerdo con lo que dispone la Ley núm. 139 de 1937, la asignación de $800,000 será sola y exclusivamente para el pago de compensaciones a obreros lesionados o sus beneficiarios.

"Toda vez que en la actualidad hay deudas pendientes de pago por concepto de hospitalización, asistencia facultativa, hospedaje, gastos de administración, etc., que no están comprendidos en la Ley núm. 139 y que montan a $35,000 ó $40,000, la Comisión Industrial ACUERDA que se solicite del Hon. Auditor de Puerto Rico se lleve a los libros de Auditoría y ponga a disposición de la Comisión Industrial la asignación de $150,000 aprobada el 15 de mayo de 1936 y en la cual se dispone que $100,000 se dedicaren al pago de compensaciones a obreros lesionados y sus beneficiarios y $50,000 al pago de otras deudas del Fondo. Toda vez que esta asignación se haría de cualquier balance en Tesorería no dispuesto para otras atenciones y habiendo cerrado dicho año 1936–37 con un superávit de varios millones de dólares, no hay razón para que esta suma no sea puesta a disposición de la Comisión Industrial, subsanando de esta manera el que, de los $800,000 no se puede pagar ninguna otra obligación del Fondo de Depósito para Indemnizaciones a Obreros que no sean indemnizaciones a obreros lesionados o sus beneficiarios.

"ACUERDA ADEMÁS la Comisión Industrial que los $100,000 que el Hon. Auditor de Puerto Rico ha llevado a sus libros sean dedicados al pago de una sexta parte de la deuda pendiente con los obreros lesionados y sus beneficiarios, debiéndose proceder por el Negociado de Liquidación de esta Comisión Industrial a la tramitación de dichos pagos sin que para ello sea necesario de un acuerdo en cada caso.

"Comuníquese con copia al Hon. Auditor de P. R., al Negociado de Liquidación y hágase público por medio de la prensa para conocimiento general."

Que a tenor de lo acordado en la transcrita resolución, la Comisión distribuyó los $100,000 que puso a su disposición el Auditor, a razón de una sexta parte del importe de cada indemnización comprendida entre el primero de septiembre de 1925 y 30 de junio de 1935, estando a la fecha distribuída dicha suma de $100,000 en su totalidad y en la forma ya expresada.

En el alegato presentado en apoyo de su apelación levanta la Comisión cuatro errores. El primero consiste en no haber declarado la corte inferior con lugar la excepción previa de falta de hechos formulada por la Comisión. Se funda en que tanto en las alegaciones como en la súplica de la demanda el apelado aparece solicitando el auto de *mandamus* contra los apelantes, para que éstos efectúen el pago de la cantidad reclamada, cuando de acuerdo con la Ley núm. 139 de 15 de mayo de 1937 (Leyes de 1936–37, pág. 311) la Comisión Industrial sólo tiene el deber de certificar los pagos y someter los comprobantes al Auditor de Puerto Rico. Es cierto que la demanda es ambigua en cuanto a quién debe efectuar el pago. En una misma alegación, en la sexta, se dice que los apelantes ". . . son las personas llamadas *a ordenar el pago* . . ." y más adelante, en la misma alegación, que ". . . a pesar de las distintas solicitudes hechas a dichos señores, se niegan *a practicar el pago* del referido remanente." Con la súplica pasa lo mismo. Se solicita en ella que se expida el auto contra los apelantes ". . . para que sin dilación alguna *procedan a entregar* la cantidad de $1,444 . . .," y más adelante se pide que ". . . si dichos señores . . . tuvieren algún motivo . . . para no cumplir con la *orden para verificar el pago* . . . *mediante la orden correspondiente al Tesorero de Puerto Rico* . . ." Sin embargo, las incorrecciones apuntadas no son por sí solas de suficiente importancia para justificar la revocación de la sentencia, toda vez que del con-

texto general de la petición y de la súplica aparece que lo solicitado por el demandante es una orden de la Comisión dirigida al Tesorero para que éste y no aquélla verifique el pago. Debe desestimarse el primer error.

■■ El segundo señalamiento lee así:

"La Corte de Distrito de San Juan cometió error al resolver, como resolvió, que la Ley núm. 139 de mayo 15 de 1937 no da facultad alguna a la Comisión Industrial de Puerto Rico para hacer una distribución discrecional de los $100,000.00 puestos a su disposición por el Auditor de Puerto Rico de acuerdo con los términos de la mencionada ley."

La Ley núm. 139 de 15 de mayo de 1937 (Leyes de 1936–37, pág. 311), a que se refiere la Comisión apelante, en lo pertinente dice así:

"Sección 1.—Por la presente se asigna de cualesquiera fondos existentes en el Tesoro Insular, no destinados a otras atenciones, hasta la cantidad de ochocientos mil (800,000) dólares o la parte de ella que fuere necesaria, que será puesta a la disposición de la Comisión Industrial de Puerto Rico creada por la Ley núm. 45 de abril 18 de 1935, o su sucesora, para el pago de las indemnizaciones adeudadas a obreros lesionados o beneficiarios o herederos en el caso de fallecimiento de aquéllos, desde 1º. de septiembre 1925 hasta junio 30, 1935; *Disponiéndose,* que esta partida de ochocientos mil (800,000) dólares será llevada a los libros del Auditor de Puerto Rico, parcial o totalmente, según fuere necesario y según los recursos del Tesoro Insular lo permitan, según·lo determine el Auditor de Puerto Rico.

"Sección 2.—El Negociado de Liquidación de la Comisión Industrial, una vez hechas las asignaciones y haberse llevado a los libros del Auditor de Puerto Rico, parcial o totalmente, certificará los pagos correspondientes por las indemnizaciones expresadas en la sección 1 de esta Ley, y extenderá los comprobantes correspondientes, que serán sometidos, de acuerdo con la ley, al Auditor de Puerto Rico para su saldo."

La cuestión sobre si la ley que acabamos de transcribir concede o no facultades específicas a la Comisión Industrial para que ésta pueda a su discreción distribuir a pro rata entre

todos los reclamantes las asignaciones parciales llevadas a los libros del Auditor, no está realmente envuelta en el presente procedimiento. Nos inclinamos, sin embargo, a convenir con la corte inferior, sin resolverlo, en que los deberes que se asignan a la Comisión son puramente ministeriales. De acuerdo con lo dispuesto en la sección 2, supra, tan pronto como el Auditor de Puerto Rico haya llevado a sus libros alguna suma destinada a o utilizable "para el pago de las indemnizaciones adeudadas a obreros lesionados o beneficiarios o herederos en el caso de fallecimiento de aquéllos, desde 1º. de septiembre, 1925, hasta junio 30, 1935," según lo prescrito en la sección 1, supra, será deber de la Comisión certificar el pago de cualesquiera de dichas reclamaciones y extender los comprobantes que fueren necesarios para ser sometidos al Auditor de Puerto Rico para su saldo. Véanse: *Berríos* v. *Corte,* 42 D.P.R. 160, y *López de la Rosa* v. *Domenech,* 47 D.P.R. 226.

Por las razones que acabamos de exponer deben desestimarse igualmente el tercer y cuarto señalamientos de error.

La Comisión no ha presentado razón o excusa legal alguna para justificar su negativa a certificar el pago de una reclamación ya concedida y liquidada. Y como se trata de un deber ministerial, la corte inferior no erró al decretar el auto solicitado.

*La sentencia recurrida debe ser confirmada.*

El Juez Presidente Sr. Del Toro no intervino.