RAMÓN VIANA, demandante y apelado, *v.* RAFAEL SANCHO BONET, TESORERO DE PUERTO RICO; LESLIE MACLEOD, AUDITOR DE PUERTO RICO y LA COMISIÓN INDUSTRIAL DE PUERTO RICO integrada por MANUEL LEÓN PARRA, FRANCISCO PAZ GRANELA y JUAN M. HERRERO, demandados y apelantes.

Núm. 8112.—*Sometido:* Diciembre 21, 1939. *Resuelto:* Enero 16, 1940.

*Hon. Procurador General Interino E. Campos del Toro* y *M. Rodríguez Ramos, Procurador General Auxiliar,* abogados de los apelantes; *Arturo O'Neill,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Este recurso de apelación ha sido interpuesto contra una sentencia de la Corte de Distrito de San Juan declarando con lugar una demanda de *mandamus* y ordenando en su consecuencia a los demandados, Comisión Industrial de Puerto Rico, Leslie A. MacLeod y Rafael Sancho Bonet, los dos últimos como Auditor y Tesorero de Puerto Rico, respectivamente, que procedan a pagar al demandante Ramón Viana la cantidad que se le esté adeudando a la fecha en que sean requeridos para el cumplimiento del auto por concepto de una indemnización de $608 que por resolución de la Comisión Industrial se le concediera en 24 de agosto de 1933, con costas a cargo de los demandados.

El caso quedó sometido por estipulación de las partes y previo el consentimiento de esta corte, el día fijado para la vista de una moción de desestimación radicada por el demandante apelado, que debe declararse sin lugar antes de proceder a resolver el caso en su fondo.

Alega el demandante en síntesis que en 24 de agosto de 1933 la Comisión Industrial de Puerto Rico le concedió una indemnización de $608, de la cual le han sido entregadas ciertas cantidades como anticipos; que con fecha 15 de mayo de 1937 la Asamblea Legislativa de Puerto Rico aprobó una asignación de $800,000 o la parte de ella que fuere necesaria para el pago de indemnizaciones a obreros lesionados, de cuya asignación está disponible todavía la cantidad de $740,000, según información obtenida por el demandante; que el Auditor demandado todavía no ha llevado a sus libros ni ha puesto a disposición de la Comisión Industrial cantidad alguna de los restantes $740,000 a los fines de que las indemnizaciones adeudadas sean satisfechas. Por último, que habiendo sido infructuosas sus gestiones de cobro se ve precisado a recurrir al presente recurso de *mandamus*.

Los demandados contestaron aceptando que en 24 de agosto de 1933 la Comisión Industrial concedió al deman-

dante la cantidad de $608.00 por concepto de indemnización a base de un accidente del trabajo. Aceptan asimismo la asignación de $800,000 hecha por la Asamblea Legislativa de Puerto Rico en 15 de mayo de 1937, pero niegan que la verdadera cantidad disponible en la actualidad sea la de $740,000, y por el contrario alegan que sólo asciende a $525,000. Alegan también que el Auditor ha puesto a disposición de la Comisión Industrial $100,000 a los fines de que las indemnizaciones adeudadas sean satisfechas y además que las gestiones del demandante han sido tomadas en consideración estando su reclamación en turno para ser satisfecha tan pronto lo sean otras correspondientes a casos definitivamente resueltos con anterioridad al del demandante. Alegan los demandados que han procedido a preparar un turno para el pago de las indemnizaciones concedidas por la Comisión Industrial debido a que el dinero asignado y el dinero disponible no es suficiente para atenderlas todas.

Los demandados alegan que la corte de distrito erró:

"1. Al estimar que dentro del estado actual de las distintas leyes aplicables a los hechos de este caso, el procedimiento de pago adoptado por los demandados no constituye excusa legal que impida al demandante exigir el pago total de su indemnización mediante el presente recurso de *mandamus*.

"2. Al declarar con lugar la demanda y ordenar al secretario de la corte que una vez que sea firme la sentencia, expida un auto perentorio de *mandamus* dirigido a los demandados, requiriéndoles para que al recibo del auto procedan en el desempeño de sus respectivas funciones legales a pagar al demandante la suma que se le esté adeudando a la fecha en que sean requeridos para el cumplimiento del auto, por concepto de la indemnización de $608 que le concediera la Comisión Industrial el 24 de agosto de 1933.

"3. Al imponer las costas a los demandados."

El segundo error señalado es una consecuencia del primero, por lo que basta con que resolvamos el primero para decidir el caso.

En *Torres* v. *Comisión Industrial,* 54 D.P.R. 111, 115, este tribunal dijo:

"La cuestión sobre si la ley que acabamos de transcribir concede o no facultades específicas a la Comisión Industrial para que ésta pueda a su discreción distribuir a pro rata entre todos los reclamantes las asignaciones parciales llevadas a los libros del Auditor, no está realmente envuelta en el presente procedimiento. Nos inclinamos, sin embargo, a convenir con la corte inferior, sin resolverlo, en que los deberes que se asignan a la Comisión son puramente ministeriales. De acuerdo con lo dispuesto en la sección 2, supra, tan pronto como el Auditor de Puerto Rico haya llevado a sus libros alguna suma destinada a o utilizable 'para el pago de las indemnizaciones adeudadas a obreros lesionados o beneficiarios o herederos en el caso de fallecimiento de aquéllos, desde 1º. de septiembre, 1925, hasta junio 30, 1935,' según lo prescrito en la sección 1, supra, será deber de la Comisión certificar el pago de cualesquiera de dichas reclamaciones y extender los comprobantes que fueren necesarios para ser sometidos al Auditor de Puerto Rico para su saldo. Véanse: *Berríos* v. *Corte,* 42 D.P.R. 160, y *López de la Rosa* v. *Domenech,* 47 D.P.R. 226.

"Por las razones que acabamos de exponer deben desestimarse igualmente el tercer y cuarto señalamientos de error.

"La Comisión no ha presentado razón o excusa legal alguna para justificar su negativa a certificar el pago de una reclamación ya concedida y liquidada. Y como se trata de un deber ministerial, la corte inferior no erró al decretar el auto solicitado."

Y la sección 2 de la Ley núm. 139 de 15 de mayo de 1937 (Leyes de 1936–37, pág. 311), lee así:

"Sección 2.—El Negociado de Liquidación de la Comisión Industrial, una vez hechas las asignaciones y haberse llevado a los libros del Auditor de Puerto Rico, parcial o totalmente, certificará los pagos correspondientes por las indemnizaciones expresadas en la sección 1 de esta Ley, y extenderá los comprobantes correspondientes, que serán sometidos, de acuerdo con la ley, al Auditor de Puerto Rico *para su saldo.*" (Bastardillas nuestras.)

Aceptado por la parte demandada que el Auditor ha puesto a disposición de la Comisión Industrial $100,000 a los fines de que las indemnizaciones adeudadas sean satisfechas, y habiendo resuelto esta Corte Suprema que una vez hechas

las asignaciones y llevadas a los libros del Auditor de Puerto Rico la Comisión Industrial tiene el deber ministerial de certificar los pagos y de extender los comprobantes correspondientes, resulta claro de la última parte de la sección 2 de la ley de 1937, supra, que es deber del Auditor *saldar* la cantidad que acrediten los comprobantes correspondientes que le fueren sometidos.

█ Alegan los demandados en su alegato que es más justa y equitativa la distribución parcial de los $100,000 en calidad de anticipos entre todos los que tienen derecho a indemnización, que no el saldo de la indemnización de unos pocos. Quizá sea así, pero a falta de preceptos en la ley que autoricen a los demandados para ello, ni la Comisión Industrial, ni el Auditor, ni el Tesorero, ni los tribunales de justicia pueden posponer o fraccionar el pago de una indemnización concedida por la Comisión Industrial y contra la cual no hubiere pendiente recurso alguno de revisión. La injusticia, si alguna resultare, puede ser corregida solamente por la Asamblea Legislativa.

*Por las razones expuestas debe confirmarse la sentencia recurrida y en su consecuencia ordenarse a los demandados que paguen al demandante el balance de los $608 que se le esté adeudando a la fecha en que los demandados sean requeridos de pago. Todo ello sin especial condenación en costas.*

### EN MOCION DE RECONSIDERACION

#### Febrero 6, 1940

Los demandados solicitan la reconsideración de la sentencia que dictamos en el caso de autos el día 16 de enero de 1940.

En la opinión que sirve de base a dicha sentencia dijimos lo siguiente:

"Alegan los demandados en su alegato que es más justa y equitativa la distribución parcial de los $100,000 en calidad de anticipos entre todos los que tienen derecho a indemnización, que no el saldo de la indemnización de unos pocos. Quizás sea así, pero a falta de

preceptos en la ley que autoricen a los demandados para ello, ni la Comisión Industrial, ni el Auditor, ni el Tesorero, ni los tribunales de justicia pueden posponer o fraccionar el pago de una indemnización concedida por la Comisión Industrial y contra la cual no hubiere pendiente recurso alguno de revisión. La injusticia, si alguna resultare, puede ser corregida solamente por la Asamblea Legislativa.''

Sostienen los demandados que en ninguna parte de su alegato ni en ninguna de sus alegaciones ante las cortes que han entendido en este caso han expuesto su criterio en el sentido de que sea más justa o equitativa la distribución parcial de los $100,000 en calidad de anticipos entre todos los que tienen derecho a indemnización, y que tampoco han atacado la bondad del saldo de la indemnización correspondiente a unos pocos; que por el contrario, su alegación fué la de que no siendo suficiente el dinero disponible para atender al pago de todas las indemnizaciones ordenadas por la Comisión Industrial, procedieron a preparar un turno mediante el cual van disponiendo de los fondos para pagar los casos en su orden relativo al tiempo en que son definitivamente resueltos, siendo la situación la de que aún no ha llegado el turno al caso del demandante.

Tienen razón los demandados en cuanto a que ni en sus alegaciones ni en su alegato se han expresado en la forma que dijimos en nuestra opinión y también en cuanto a que el verdadero *issue* fué su facultad para posponer y no para prorratear el importe de las indemnizaciones concedidas por la Comisión Industrial. Ello, sin embargo, no altera la resolución final del caso. En el mismo párrafo transcrito antes dijimos claramente que ''. . . ni la Comisión Industrial, ni el Auditor, ni el Tesorero, ni los tribunales de justicia pueden *posponer* . . . el pago de una indemnización concedida por la Comisión Industrial y contra la cual no hubiere pendiente recurso alguno de revisión.'' Según hemos interpretado la ley, si existen fondos suficientes en poder de los demandados, es un deber ministerial de éstos satisfacer totalmente y cuando sean requeridos para ello el importe de las indem-

nizaciones concedidas por la Comisión Industrial. Y como el auto de *mandamus* procede para obligar al cumplimiento de deberes ministeriales, sea justa o injusta la prelación establecida por los demandados, nos sentimos obligados a confirmar la sentencia dictada por la corte de distrito. *Por lo tanto, debe declararse sin lugar la moción de reconsideración.*